THE STATE ex rel. G. A. McBRIDE, Appellant, v. PAUL BYRD et al.

#### Division One, July 9, 1919.

1. **DRAINAGE DISTRICT:** Suit for Taxes Pending an Appeal. The pendency of an appeal from the judgment of the county court organizing a drainage district does not make premature a suit for taxes subsequently instituted. The appeal does not affect the benefits assessed, which are the basis of the tax suit. Under the statute (Sec. 5592, R. S. 1909) on an appeal to the circuit court only two questions can be considered, namely, compensation for property appropriated and damages to property prejudicially affected by the improvement.

2. ———: Estimates of Costs. If the record shows that the viewers reported separate estimates of the costs of location and construction, and apportioned the same to each tract in proportion to benefits or damages received, and that the county court, with the parties before it, found as a fact that such required estimates and apportionment had been made, there is no basis for a claim on an appeal from the circuit court that the estimates were not made.

Appeal from Livingston Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED AND REMANDED (*with directions*).

*W. T. Rutherford, Forrest M. Gill* and *Paul D. Kitt* for appellant.

(1) An estimate of the cost, location and construction of the improvement was made by the viewers, as is shown by the report of the viewers set out in the ab-

stract of the record. (2) The incorporation of Drainage District No. 13 is preliminary and is not a final decree adjudicating anyone's rights from which an appeal lies; it simply organizes an entity with which to further proceed to effect reclamation. No landowner is injured by the incorporation. In re Drainage District; Buschling v. Ackley, 270 Mo. 174. (3) The judgment assessing the benefits to respondents' land became final when the report of the viewers was confirmed by the county court. The only exceptions to the report of the viewers are on the claim for compensation for damages and not to benefits. And, on appeal, the only question presented is that of damages. Sec. 5592, R. S. 1909; Drainage District v. Wabash Railroad, 216 Mo. 709.

*Frank Sheetz* and *S. L. Sheetz* for respondents.

(1) The statute requires an estimate of the cost of location and construction of the improvement; and an apportionment of the same to each tract. No estimate was ever made so far as any record thereof can be found, and the county court acquired no jurisdiction of the proceedings. Hamilton on Special Assessments, sec. 524; Morgan Creek Drainage Commrs. v. Hawley, 240 Ill. 465. (2) The judgment assessing benefits should be suspended until the value of the land taken for the ditch, and the damages to the remainder are ascertained. Tarkio Drainage Dist. v. Richardson, 237 Mo. 75; Morgan Creek Drainage Dist. v. Hawley, 255 Ill. 34.

BLAIR, P. J.—This and the case of State ex rel. v. Sheetz, *ante* page 429, are companion cases. Most of the questions raised in this case are decided in that. The judgment in this case was for defendant.

I. Defendant in this case, in 1910, had appealed to the circuit court from the judgment of the county court. That appeal was not shown to have been pending when this suit was tried in 1915. It is contended this

suit for taxes was premature because of the appeal

**Appeal.** and that this justifies the judgment of the trial court in this case. Under the statute then in force (Sec. 5592, R. S. 1909)- defendant's appeal, even if pending, could. take to the circuit court but two questions: (1) compensation for property appropriated and (2) damages for "property prejudicially affected by the improvement." It was expressly provided that the progress of the work should neither be stayed nor prevented and that the "subsequent proceedings in the circuit court shall affect only the rights and interest of the appellant *in property* located in such drainage district." The appeal did not affect the benefits assessed or their collection. [Drainage Dist. v. Railroad, 216 Mo. l. c. 715 et seq.] The case cited by defendant (Tarkio Drainage Dist. v. Richardson, 237 Mo. l. c. 75) was decided on different facts and under a wholly different statute (Secs. ſ251 et seq., R. S. 1899; Secs. 5496. et seq., R. S. 1909) usually termed the "Circuit Court Act."

II.   Section 5584, Revised Statutes 1909, provided that the viewers "shall make separate estimates of the cost of location and construction, and apportion the same to each tract in proportion to the benefits or

**Estimates.** damages that may result to each." It is said this was not done. The trouble with this contention is that the record shows the viewers reported the required estimates and that the county court, with the parties before it, found as a fact that they had done so. There is no basis for this complaint.

III.   For the reasons given in the preceding paragraphs and in the companion case referred to, this judgment is reversed and the cause remanded

**Sheetz Case.** with directions to enter judgment for plaintiff in accordance with the prayer of the petition. *Graves, J.,* concurs; *Bond, J.,* concurs, in the result; *Woodson, J.,* absent.